IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**CASSANDRA MENDEZ, JAMES CAGLE,**                                       **PLAINTIFFS**
**APRIL SANDERS and DRANEKIA SAVAGE,**
Each Individually and on Behalf of
All Others Similarly Situated

vs.                                            No. 1:19-cv-1084

**ALL WEB LEADS, INC.**                                                    **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Cassandra Mendez, James Cagle, April Sanders and Dranekia Savage ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant All Web Leads, Inc. ("Defendant"), and in support thereof they do states as follows:

### I.    PRELIMINARY STATEMENTS

1.      Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's common policy and practice of failing to pay Plaintiffs and other similarly situated individuals lawful overtime compensation for hours worked in excess of forty (40) hours per week.

## II.     JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect within the Austin Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

4. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

5. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

6. The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.    THE PARTIES

7. Plaintiff Cassandra Mendez is an individual and resident of Texas.

8. At all times relevant to this Complaint, Plaintiff Mendez was employed by Defendant as a Sales Representative and non-exempt from the requirements of the FLSA within the three (3) years preceding the filing of the Complaint.

9. Plaintiff James Cagle is an individual and resident of Texas.

10. At all times relevant to this Complaint, Plaintiff Cagle was employed by Defendant as a Sales Representative and non-exempt from the requirements of the FLSA within the three (3) years preceding the filing of the Complaint.

11. Plaintiff April Sanders is an individual and resident of Texas.

12. At all times relevant to this Complaint, Plaintiff Sanders was employed by Defendant as a Sales Representative and non-exempt from the requirements of the FLSA within the three (3) years preceding the filing of the Complaint.

13. Plaintiff Dranekia Savage is an individual and resident of Texas.

14. At all times relevant to this Complaint, Plaintiff Savage was employed by Defendant as a Sales Representative and non-exempt from the requirements of the FLSA within the three (3) years preceding the filing of the Complaint.

15. Defendant All Web Leads, Inc. ("AWL"), is a foreign for-profit corporation, registered to do business in the State of Texas, providing customer acquisition marketing focused on the U.S. insurance industry.

16. AWL's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. During each of the three years preceding the filing of this Complaint, AWL employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to, telephone and computer equipment, at least some of which had been moved in or produced for interstate commerce.

18. AWL's corporate office is at 7300 FM 2222, Building 2, Suite 100, Austin, Texas 78730.

19. Human resources and other payment decisions and directives are made at AWL's corporate office.

20. The agent for service for AWL is C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## IV.     FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

22. Plaintiffs worked for Defendant as Sales Representatives within the three (3) years preceding the filing of the Complaint.

23. As Sales Representatives, Plaintiffs' primary duties were to take phone calls from consumers seeking to purchase insurance and convert those calls into sales for Defendant.

24. Plaintiffs and other Sales Representatives were classified as hourly employees and paid an hourly rate.

25. Plaintiffs and other Sales Representatives regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26. Plaintiffs and other hourly-paid workers also received non-discretionary performance bonuses.

27. However, Defendant did not include the non-discretionary bonus that was paid to Plaintiffs and other hourly-paid workers in their regular rates when calculating their overtime pay.

28. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

29. Defendant violated the FLSA by not including the non-discretionary bonuses of Plaintiffs and other hourly-paid workers in their regular rate when calculating their overtime pay.

30. Plaintiffs worked for Defendant at Defendant's corporate office in Austin and Defendant's pay practices were the same for all Sales Representatives at the corporate office.

31. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly-paid workers violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

32. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Sales Representatives who were, are or will be employed by Defendant and who are entitled to payment for all of their overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

33. Plaintiffs are unable to state the exact number of the class but believes that the class membership exceeds 250 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

34. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

35.     The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

36.     The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

37.     The proposed FLSA class members are similarly situated in that they share these traits:

   i.    They were paid hourly rates;

   ii.   They received non-discretionary performance bonuses;

   iii.  They performed the same or similar job duties;

   iv.   They recorded their time in the same manner;

   v.    They were subject to Defendant's common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week; and

   vi.   They were subject to numerous other common policies and practices as described *supra*.

## VI.    LEGAL ALLEGATIONS

38.     Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Individual Claims for FLSA Overtime Violations

39. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C. § 207.

40. Defendant failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

41. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

42. Defendant knew or should have known of its obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

43. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### B. Collective Action Claim for Violation of the FLSA

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs bring this collective action on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

48. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

49. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 207.

50. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

51. In the past three years, Defendant has employed hundreds of Sales Representatives.

52. Like Plaintiffs, these Sales Representatives regularly worked more than forty (40) hours in a week.

53. Defendant failed to pay these workers at the proper overtime rate.

54. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly Sales Representatives within the past three years, excluding any individual who filed a Consent to Join Lawsuit in the *Lemieux* case.[1]**

---

[1] *Lemieux* refers to the case of *Lemieux v. All Web Leads, Inc.,* Case No. 1:18-cv-846 (W.D. Tex.).

55. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

56. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Cassandra Mendez, James Cagle, April Sanders and Dranekia Savage, each individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E.	Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.	Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and Putative Class Members during the applicable statutory period;

G.	An order directing Defendant to pay Plaintiffs and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.	Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CASSANDRA MENDEZ, JAMES CAGLE, APRIL SANDERS and DRANEKIA SAVAGE, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:	*/s/ Josh Sanford*
	Josh Sanford
	Tex. Bar No. 24077858
	josh@sanfordlawfirm.com